**TENNESSEE NATURAL GAS LINES, INC., Plaintiff-Appellant,**

v.

**John K. KING, Commissioner of Revenue, State of Tennessee, et al., Defendants-Appellees.**

Supreme Court of Tennessee, at Nashville.

June 21, 1982.

James W. Berry, Jr., James C. Gooch, Bass, Berry & Sims, Nashville, for plaintiff-appellant.

Jimmy G. Creecy, Deputy Atty. Gen., J. Robert Walker, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

DROWOTA, Justice.

The issue in this revenue case is the correct manner of computing a credit for corporate excise taxes, which credit is deducted from the amount of gross receipts taxes paid by certain utilities and other types of businesses.

Tennessee Natural Gas Lines ("Tennessee Natural") is a corporation engaged in the business of transmitting and distributing natural gas. It has four customers, three of which purchase natural gas for their own consumption. The fourth is Nashville Gas Company, which buys gas and sells it to its own customers.

The gross receipts tax in question is a 1½% tax upon the privilege of engaging in the gas business, and is imposed by TCA § 67–4102 Item H. The tax is computed without taking any deductions from the utility's gross revenues, from intrastate operations. The statute provides,

There shall be credited upon the tax hereby imposed any taxes paid by the owner of such business on any of the businesses named in the heading of this Item under the ... Excise Tax Law during the calendar year in which the tax hereby levied becomes due.

The tax hereby imposed shall be administered and collected in accordance with §§ 67–4315—67–4323.

The excise tax referred to is a 6% tax on net income of the utility, and is a tax upon the privilege of operating as a corporation. TCA § 67–2701 et seq.

Thus it can be seen that the gross receipts tax is based upon gross income but the excise tax is based upon net income. Even so, there is no problem in computing the allowable credit when all of a corporation's operations are subjected to both taxes. This is not the case for Tennessee Natural: that corporation pays gross receipts taxes only upon its sales to its three direct customers; it pays excise taxes upon its net income from both operations. Thus, the amount of the excise taxes must be apportioned in some manner since the credit is only allowed against a portion of its gross receipts. This result is mandated by our decision in *Union Railway Co. v. Atkins*, 204 Tenn. 365, 321 S.W.2d 562 (1959), and both parties concede such result up to this point.

Tennessee Natural Gas Lines has filed a series of lawsuits in Davidson County Chancery Court, beginning in 1961. The suits

were filed pursuant to payment of each year's gross receipts taxes under protest because of disagreement with the Department of Revenue about the computation of the credit for excise taxes. The theory under which the original suits were brought was broader than the theory now urged by the taxpayer, which sought in this action to consolidate all of the lawsuits and to amend all complaints so as to voice the present more narrow theory of recovery. At the same time, the Department of Revenue sought dismissal of the actions. The Chancellor allowed consolidation and amendment, and refused to dismiss for failure to prosecute. These rulings are not appealed from.

The parties agreed that a single issue was determinative of all the lawsuits; thus, the figures used in the trial of this case were for only one year, for tax period July 1, 1979 through June 30, 1980. The taxable gross receipts (for sales to the three direct purchasers) were $9,045,777. This figure was 22.74% of total gross receipts from all four of the corporation's customers. Therefore, the Department only allowed the corporation to deduct 22.74% of the total excise taxes paid in computing the credit, or $10,268.

The arguments of the parties in favor of their respective positions are as follows:

The Department's primary arguments in favor of apportioning the amount of excise taxes in the same ratio as taxable gross receipts bears to total gross receipts are ease of administration and the fact that this has been Department practice for a long period of time. The Department says that to do otherwise would be a burden on smaller businesses which do not have sophisticated accounting practices, especially since the credit is allowable against gross receipts taxes for other kinds of businesses under other Items of TCA § 67–4102; and would require the Department to sit in judgment upon the various accounting systems used by taxpayers to correlate excise taxes to the sources of income on which those taxes were paid. The Department has also made an argument that since the gross receipts taxes are administered under TCA §§ 67–4315—67–4323, which in turn only defines gross receipts taxes, then the size of the excise tax credit is governed by the above-described ratio of taxable gross receipts to total gross receipts.

The taxpayer argues that the purpose of the excise tax credit is to avoid double taxation on the corporations involved. That is, it is the Legislature's intent to forgive a portion of the gross receipts tax upon operations which have already borne the excise tax. Tennessee Natural relies upon a letter very succinctly stating this policy, dated June 8, 1951, from the Director of the Gross Receipts Tax Division to taxpayers filing gross receipts privilege tax reports:

> Corporations, when computing their gross receipts tax liability, may deduct from the tax that portion of their franchise and excise tax which is properly attributable to the business on which gross receipts tax is owed.... Receipts from sales, rental or services not subject to gross receipts privilege tax are not considered to be receipts from the business on which gross receipts privilege tax is paid.

CCH Tennessee State Tax Reporter ¶ 80–206.20. Tennessee Natural also points out that the statute itself allows a credit for excise taxes already paid "on any of the businesses named in the heading of this Item"; in other words, the statute mandates that since the gross receipts taxable under Item H are those derived from the sales to the three customers, then the excise taxes to be credited are those on the net income from those same sales.

The Chancellor agreed with the Department's interpretation. His first ground was that to allow this taxpayer to compute the credit as urged would confer special status upon it because its accounting procedures were subject to governmental regulation, whereas there were other types of businesses which were also allowed an excise tax credit under other Items of § 67–4102. The credit system had to be uniform. The Chancellor's second ground was that the

Department had applied its method of apportioning the excise tax for over twenty years, and one taxpayer should not interrupt a uniform and consistent administrative policy. Therefore, the Chancellor dismissed the case on the merits.

We reverse the Chancellor's judgment, and hold that the language of the statute, the language of the Department's own letter of 1951, and the legislative policy underlying the allowance of the credit, all require that a taxpayer be permitted to take a credit for the portion of its excise taxes derived from the same revenue which gave rise to the gross receipts taxed under § 67–4102 Item H.

We must reach the same conclusion by following the logic underlying the Court's holding in *Union Railway Co. v. Atkins, supra.* That case involved § 67–4102 Item T, which allowed a credit for excise taxes in the same language found in Item H. The railroad attempted to take a credit, against gross receipts taxes derived from intrastate operation, for its excise taxes derived from all of its business. The Chancellor had held that, since the gross receipts tax was imposed only upon intrastate gross receipts, the excise tax credit could only be allowed for taxes based upon the same source of income. Then, quoting the Chancellor, we noted:

"This Court [i.e., the Chancellor] is of the further opinion that the Legislative intent was, as is stated in the [Commissioner's] brief on page 7:

" 'Their quite obvious aim was to lay a special tax upon carriers, measured by their gross receipts, but to permit them to reduce the amount of this tax by *whatever they paid in corporate franchise and excise taxes accruing on account of the identical activity.* In other words, the legislative purpose was to insure that the State would receive from those in the transportaion business at least an amount equivalent to 3% of the gross receipts derived from intrastate business, but not to burden corporations with the full amount of two privilege taxes arising out of the same operation.'

"This Court [Chancellor], therefore, feels that any Franchise and Excise Taxes paid on interstate or any other and different operation cannot be credited against the gross receipts tax."

321 S.W.2d at 564 (emphasis added). Thus, in *Union Railway,* the Commissioner argued, and the courts agreed, that the excise tax credit must be traced to the revenue on which it is owed. The taxpayer could not take a credit for excise taxes paid on income which was not taxable under the gross receipts tax statute.

One can easily see that the Department of Revenue is taking an inconsistent position in the case at bar, despite its contention that it is following a long-standing construction in this case. The other side of the *Union Railway* coin must be that if a corporation cannot take a credit for excise taxes paid on net income from operations not taxed under § 67–4102, then it certainly must be allowed to take this credit for whatever excise taxes *are* derived from receipts taxed under § 67–4102. The Department cannot have it both ways.

We must add, neither can the taxpayer have it both ways. In this case, all of Tennessee Natural's excise taxes may be credited against the gross receipts tax, because all of the company's net income was derived from that portion of its gross receipts from sales to the three direct consumers. In other cases, more of the excise tax may come from business *not* subject to the gross receipts tax, and a taxpayer would thus be able to take a credit for less of the excise tax than would be arrived at by simply taking the same percentage of total receipts subject to the gross receipts tax.

The Department argued, and the Chancellor held, that this construction grants special status to "Item H" taxpayers. Needless to say, our construction of Item H would necessarily apply to any other Items allowing the same credit against the same tax in the same language as Item H.

The Department also argued that this construction places more of a burden upon it and upon taxpayers as far as initiating

and monitoring accounting practices are concerned. We are certainly aware that in this as in most instances, there is more than one accounting method which may be applied. It is customary for businesses to use the recognized method which results in the greatest tax advantages to them. Also, it appears to us that any incorporated business which is subject to the excise tax would have to have sufficient data as to the sources of its revenues to provide the elements for calculating the excise tax in the first place. Thus, we do not see an insurmountable problem in reversing the process and in breaking down the total excise tax so that the taxpayer gets a credit only for that portion based on revenue also subject to the gross receipts tax.

The judgment of the Chancellor dismissing this action on the merits is reversed and the cause is remanded for further proceedings, including calculations of the proper credit for each of the years in controversy, not inconsistent with this opinion.

Reversed and remanded.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.